RECEIVED

201 JUN 6 2014

AT 8:30_____M   UNITED STATES DISTRICT COURT
WILLIAM T. WALSH, CLERK      DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 14- 327 (Km) |
| | : | |
| v. | : | 21 U.S.C. § 846 and |
| | : | 18 U.S.C. § 1956 |
| MELVIN FELIZ, | : | |
| IRVING OLIVERO-PENA, and | : | HON. |
| ROBERT CRAWFORD | | |

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey,

sitting at Newark, charges:

### COUNT 1

(Conspiracy to Distribute Cocaine)

From in or about January 2011 through on or about March

11, 2014, in Bergen County, in the District of New Jersey, and

elsewhere, defendants

MELVIN FELIZ,
IRVING OLIVERO-PENA, and
ROBERT CRAWFORD

did knowingly and intentionally conspire and agree with each other

and others to distribute and possess with intent to distribute 5

kilograms or more of a mixture and substance, which contained

cocaine, a Schedule II controlled substance, contrary to Title 21,

United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

## COUNT 2

(Money Laundering Conspiracy)

From in or about January 2011 through on or about March 11, 2014, in Bergen County, in the District of New Jersey, and elsewhere, defendants

MELVIN FELIZ,
IRVING OLIVERO-PENA, and
ROBERT CRAWFORD

did knowingly and intentionally conspire and agree with each other and others to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance, with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

In violation of Title 18, United States Code, Section 1956(h).

2

## **FIRST FORFEITURE ALLEGATION**

The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 21, United States Code, Section 853.

The United States hereby gives notice to the defendant charged in this Information that, upon conviction of the offense alleged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including but not limited to a black 2009 Porsche Cayenne, VIN WP1AC29P09LA82331, and a Audemars Piguet Royal Oak Offshore Wristwatch, serial number H51931-6023.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

3

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

## SECOND FORFEITURE ALLEGATION

The allegations contained in this information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982.

The United States hereby gives notice to the defendant charged in this Information that, upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, all property involved in such offense and all property traceable to such property, including but not limited to a black 2009 Porsche Cayenne, VIN WP1AC29P09LA82331, and a Audemars Piguet Royal Oak Offshore Wristwatch, serial number H51931-6023.

If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

4

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

A TRUE BILL

PAUL J. FISHMAN
United States Attorney

5

CASE NUMBER: 14- 327 (KM)

## United States District Court
## District of New Jersey

### UNITED STATES OF AMERICA

v.

### MELVIN FELIZ,
### IRVING OLIVERO-PENA, and
### ROBERT CRAWFORD

# INDICTMENT FOR

21 U.S.C. § 846 and 18 U.S.C. § 1956

**A True Bill,**

_____

**Foreperson**

**PAUL J. FISHMAN**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

BRIAN L. URBANO
*ASSISTANT U.S. ATTORNEY*
*(973) 297-2078*