UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MELVIN FELIZ,<br>IRVING OLIVERO-PENA, a/k/a<br>Fausto Molina, and<br>ROBERT CRAWFORD,<br><br>Defendants | Crim. No. 14-327 (KM)<br><br>MEMORANDUM ORDER ON<br>DEFENDANTS' OMNIBUS<br>PRETRIAL MOTIONS |

This matter having come before the Court on omnibus pretrial motions Defendant Irving Olivero-Pena (ECF 59), Robert Crawford (ECF 60), and Melvin Feliz (ECF 61); and defendants Feliz and Olivero-Pena having filed letter requests that their motions be granted based on the government's tardiness in filing its response (ECF 70, 71); and the United States having filed briefs in response to the omnibus motions (ECF 72, 73 & 74); and defendant Olivero-Pena having filed a letter reply (ECF 75); and the Court having reviewed the submissions and heard oral argument on December 3, 2014; and good cause appearing therefor;

IT IS this 3d day of December, 2014

ORDERED, for the reasons expressed in open court, supplemented as follows, that the omnibus motions are decided as follows:

1. Motion for bill of particulars (Feliz, Olivero-Pena): **GRANTED in PART.** The United States shall, within 10 days, file a bill of particulars identifying the persons alleged to have been members of the conspiracy. The motion is otherwise **DENIED.** The purposes of a bill of particulars under Fed. R. Crim. P. 7 has already been met by the Indictment.

2. (a) Early disclosure of Jencks material (Feliz, Crawford, Olivero-Pena): **DENIED**. See 18 U.S.C. § 3500. Jencks should be turned over, however, early enough to permit the defense to review and use it without delay of the trial schedule. The government committed in its papers to turn it over three days before the witness testifies. (The government informally undertook, but is not ordered, to make efforts to turn over Jencks at the same time as *Giglio* material, see below.)

(b) Disclosure of government's witness list (Crawford, Olivero-Pena): **DENIED** as beyond the scope of Fed. R. Crim. P. 16, case law, or the court's standard pretrial discovery order (ECF 39). See also, e.g., *Weatherford v. Busey*, 429 U.S. 545, 559 (1977).

(c) Motion for preservation of investigators' original notes (Crawford): As to preservation, **GRANTED**. See *United States v. Vella*, 562 F.2d 623, 647 (3d Cir. 1976). As to disclosure, **DENIED** absent any showing of discoverability. Such notes must, however, be reviewed and disclosed to the extent they may be independently discoverable as, e.g., *Brady/Giglio* material.

3. Disclosure of *Brady/Giglio* material (Feliz, Crawford, Olivero-Pena): **GRANTED** in conformity with the court's standard pretrial discovery order (ECF 39). The government has represented that it knows of no directly exculpatory *Brady* material and is aware of its ongoing obligations. At oral argument, the government courteously agreed to turn over *Giglio* material seven days before the witness testifies, given the holiday schedule preceding the trial date.

4. Disclosure of Fed. R. Evid. 404(b) material (Feliz, Olivero-Pena): **GRANTED** in conformity with the court's standard pretrial discovery order (ECF 39). Rule 404(b) material shall be disclosed ten days in advance of trial.

5. Miscellaneous discovery regarding coconspirators and informants (Feliz): **DENIED**. Such information is not routinely required to be disclosed under Fed. R. Crim. P. 16, case law, or the court's standard pretrial discovery order (ECF 39). The government has represented that sound and video recordings, already produced, further reduce the need for such disclosure. It appears, however,

that there may be a dispute as to a statement on one of the sound recordings. That will be addressed, if necessary, after transcripts are turned over on or before December 8, 2014.

6. Pretrial *James* hearing regarding admissibility of coconspirator statements (Crawford): **DENIED** without prejudice. As is customary, coconspirator statements will be admitted subject to connection under Fed. R. Evid. 801(d)(2)(E).

7. Disclosure of confidential informant information (Feliz, Crawford, Olivero-Pena): **DENIED** as presented. At oral argument, it emerged that this case does not present the issue in *Roviaro v. United States,* 353 U.S. 53 (1956), because the confidential informant will be presented as a witness and the government will turn over his Jencks and Giglio material. It is **GRANTED**, however, to the extent that, before trial on January 6, 2015, defense counsel will be permitted to ask the confidential informant, in open court, whether he will consent to an interview.

8. Disclosure of criminal records of coconspirators (Feliz): **DENIED** as beyond the scope of Fed. R. Crim. P. 16, case law, or this court's standard pretrial order (ECF 39). Such material must be disclosed, however, if and when it is independently discoverable as, e.g., *Brady/Giglio* material.

9. Disclosure of grand jury materials (Feliz, Olivero-Pena): **DENIED**. Defendants' blanket request does not meet the threshold showing of particularized need required by, e.g., Fed. R. Crim. P. 6(e), *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443 (1983).

10. Early disclosure of any summary charts (Feliz): **DENIED** without prejudice. The government will disclose any demonstrative or evidentiary charts 30 days before trial in accordance with the standard pretrial discovery order (ECF 39).

11. Disclosure of Fed. R. Evid. 801 admissions, etc. (Feliz): **DENIED**. The government represents that it has turned over statements to law enforcement (whether considered as direct, authorized, or adoptive admissions). Further disclosure is not required by Fed. R. Crim. P. 16, case law, or this court's standard pretrial discovery

3

order (ECF 39). Coconspirator statements are dealt with separately herein.

12. Disclosure of information regarding non-witnesses interviewed by government (Feliz): **DENIED** as beyond the scope of Fed. R. Crim. P. 16, case law, or the court's standard pretrial discovery order (ECF 39). Such material must be disclosed, however, if and when it is independently discoverable as, e.g., *Brady/Giglio* material.

13. Disclosure of press releases relating to case (Feliz): **DENIED** as beyond the scope of Fed. R. Crim. P. 16, case law, or the court's standard pretrial discovery order (ECF 39). At any rate, the government represents that there have been no relevant press releases or press conferences. The government is instructed to inquire of the case agents whether they made relevant *Brady* or *Giglio* statements on any television program.

14. Motion to suppress seized vehicle and contents (Feliz): This motion poses issues that would benefit from a hearing which, with the consent of counsel, will be held before trial on January 6, 2015.

15. Motion to suppress pole camera evidence (Feliz): Feliz argues that the government illegally installed a pole camera without first obtaining a warrant. The camera was installed on public property, not on Feliz's property; it did, however, allegedly sometimes collect "images from inside the threshold of Mr. Feliz's house, his front entranceway and his private yard." Until the government turns over its exhibits (including excerpts of pole camera surveillance video that is plans to introduce in evidence), the court cannot determine whether there is any potentially private material that is subject to a motion to suppress. Accordingly, this motion is **DENIED WITHOUT PREJUDICE** to renewal after the government has turned over its proposed exhibits.

16. Motion to suppress cell site information (Feliz): **DENIED WITHOUT PREJUDICE** to renewal if and when the government offers any such information in evidence.

17. Motion to suppress evidence seized from apartment and vehicle, and statements made to law enforcement (Crawford). This motion

poses issues that would benefit from a hearing which, with the consent of counsel, will be held before trial on January 6, 2015.

18. Motion to suppress seized property (Olivero-Pena):

    (a) The motion as to the house search poses issues that would benefit from a hearing which, with the consent of counsel, will be held before trial on January 6, 2015.

    (b) Olivero-Pena's motion as to the search of his car was withdrawn by counsel at oral argument and is therefore **DENIED** as moot.

19. Motion to suppress statements (Olivero-Pena): This motion poses issues that would benefit from a hearing which, with the consent of counsel, will be held before trial on January 6, 2015.

20. Cross-motion of United States for reciprocal discovery: **GRANTED.** *See* Fed. R. Crim. P. 16(b) and the court's standard pretrial discovery order (ECF 39).

21. Letter applications to grant all omnibus motions because the opposing briefs of the United States were filed late: **DENIED**. The opposing briefs were filed on November 17, 2014, and there is no indication of prejudice sufficient to justify such a sanction. As always, the court prefers to decide motions on the merits.

*[signature]*
**HON. KEVIN MCNULTY**
**United States District Judge**